IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

ALL POINTS CAPITAL CORP.,
a foreign corporation,

    Plaintiff,

vs.                                            CASE NO. 5:11-cv-116/RS-EMT

BOYD BROTHERS, INC., a Florida
corporation, JAMES A. BOYD, an
individual, and JAMES A. BOYD, JR.,
an individual,

    Defendants,

_____/

## ORDER

Before me are Plaintiff's Renewed Motion for Summary Judgment (Doc. 47) and Defendants' Response in Opposition (Doc. 57).

Plaintiff challenges the remaining affirmative defenses raised in Defendants' Answer. (*See* Doc. 35) (dismissing all but the fifth and sixth affirmative defense).

Defendants contend that Plaintiff is barred from relief because the Guarantee Agreements entered into by the individual defendants contained no signature page and were never notarized.[1] At deposition, the individual defendants were shown the Guarantee Agreements with the missing signature page and verified that the signatures belonged to them. (*See* Doc. 47, Attach. 2) (*See also* Doc. 47, ¶¶5-8). Defendants do not

---

[1] The notarization issue has already been resolved. (*See* Doc. 35, p.2).

dispute this account of events in their response. Thus, the undisputed facts now make Defendants' fifth affirmative defense meritless.

Defendants' final defense is that the Cross-Collateral and Cross-Default Agreements do not identify or reference any loan or agreement between Boyd Brothers and RCA. (Doc. 9, p.2). This argument is unpersuasive. The terms are very clear. "All presently existing and hereafter acquired Collateral in which you have or shall have a security interest shall secure payment and performance of all of our liabilities and obligations . . ." (Doc. 1, Attach. 1, Exhibit R). A security interest is valid if the description of personal or real property "reasonably identifies what is described." FLA. STAT. § 679.1081(1). The test of sufficiency of a description "is that the description do the job assigned to it: Make possible the identification of the collateral described." *Id*. Official Comment 2. A security agreement which purports to take an interest in "all assets" or "all personal property" is not sufficient. [2] *Id*. Official Comment 2. Here, the security agreement is specific enough -- it identifies the nature of this security interest as other collateral.[3]

Finally, Defendants claim that the "disputed fact exists as to whether RCA assigned the right, title and interest in the loan agreements to the Plaintiff." (Doc. 56, ¶3). This assertion is not tied to any of their affirmative defenses and is of no moment at this stage. An element of Plaintiff's case is that they have a valid and enforceable

---

[2] A description of "all assets" or "all personal" property is, on the other hand, sufficient for a financing statement.
[3] Plaintiff also contends that the individual defendants "admitted that 'all collateral tied to any loan with RCA [the assignor of the loans to Plaintiff] . . . is cross-collateralized' by the Agreements. . ." (Doc. 47, ¶9). Defendants to not attack this assertion in their response.

contract.  Defendants may, at trial, attack Plaintiff's case with their contention that RCA did not assign the loan agreement.

**IT IS ORDERED:**

1. The Renewed Motion for Summary Judgment (Doc. 47) is **GRANTED**.

2. The fifth and sixth affirmative defenses are dismissed.  No affirmative defenses now remain.

3. This Order applies only to the individual defendants and not to the corporate defendant for which the case is stayed for bankruptcy.  When the stay is lifted, upon motion, I may revisit the applicability of this Order to the corporate defendant.

**ORDERED** on October 21, 2011.

                                        /S/ Richard Smoak
                                        **RICHARD SMOAK**
                                        **UNITED STATES DISTRICT JUDGE**